IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COOKEVILLE

HOLLIS ALLEN THRASHER )
)  Case No. 2:19-cv-00010
v. )
)
LELAND DUDEK, *Acting Commissioner of* )
*Social Security Administration*[1] )

To: Honorable Waverly D. Crenshaw, Jr., United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is a motion filed by Plaintiff's counsel Donna Simpson for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), in which Ms. Simpson requests an award of $10,000.00. (Docket No. 20.) Defendant Social Security Administration ("SSA") responded to state that it had no objection to the request. (Docket No. 23.) The motion was referred to the undersigned for preparation of a report and recommendation. (Docket No. 25.) For the reasons detailed below, the undersigned recommends that the motion (Docket No. 20) be **GRANTED**.

### I. BACKGROUND

This action is a Social Security case that was brought by Plaintiff under 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the SSA denying her disability insurance benefits. Plaintiff filed a motion for judgment on the administrative record (Docket No. 15) to which the SSA responded in opposition (Docket No. 17.)

On February 7, 2020, this Court entered a Report and Recommendation ("R&R") recommending that the Court grant Plaintiff's motion. (Docket No. 18.) Specifically, the Court

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 17, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted for Nancy A. Berryhill (who served as Acting Commissioner from January 21, 2017 to June 17, 2019) as the defendant.

found that the Administrative Law Judge ("ALJ") did not appropriately evaluate Plaintiff's pain. (*Id.* at 7–13.) The ALJ concluded that Plaintiff's allegations of disabling pain were not entirely consistent with the medical evidence and other evidence in the record, but based this finding primarily on the purported lack of evidence during the time period between the alleged onset date and Plaintiff's date last insured. The ALJ did not consider any evidence outside of that time period. The Court held:

> Because the ALJ cites no evidence to discredit Plaintiff's allegations regarding the onset of his disabling symptoms, her conclusions lack the support of substantial evidence. Remand for further consideration is therefore appropriate.

(*Id.* at 13.) However, the Court found that the ALJ properly considered a piece of medical evidence from one of Plaintiff's providers. (*Id.* at 14–15.) On February 26, 2020, the District Judge adopted and approved the R&R and entered judgment in favor of Plaintiff. (Docket No. 19.) The Court remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) that were "consistent with the R&R." (*Id.* at 2.)

Plaintiff's counsel, Donna Simpson, now asks the Court to award her attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $10,000.00. (Docket No. 20 at 1.) In support of her motion, Ms. Simpson filed a "sworn statement" (Docket No. 22), to which she attached a list of time she spent on this matter (Docket No. 22-1), a letter from the SSA dated June 28, 2021 (Docket No. 22-2), and a signed fee agreement between her and Plaintiff (Docket No. 22-3).

## II. LEGAL STANDARD

There are three statutory provisions that address payment of fees to attorneys who represent claimants in social security appeals. The first provision is the Equal Access to Justice Act ("EAJA"), which authorizes district courts to require the United States to pay an award of attorney's fees to a "prevailing party" in a civil action against the United States or one of its agencies, such as the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). The second

2

provision is found in 42 U.S.C. § 406(a), which covers work performed by the claimant's representative at the administrative level.

The third provision, which is applicable here, is found in 42 U.S.C. § 406(b). It allows a claimant's representative to recover attorney's fees of up to 25 percent of past-due benefits for work performed in federal court as part of a social security appeal. An award under § 406(b) is only available to counsel when a claimant receives a favorable decision from an ALJ following remand from federal court. *Id.* § 406(b)(1)(A). Because the award reduces the amount of past-due benefits recovered by the claimant, it generally must be memorialized by a fee agreement, usually one of a contingency nature, between the claimant and the attorney. *Tibbetts v. Comm'r of Soc. Sec.*, No. 1:12-cv-894, 2015 WL 1637414, at *2 (S.D. Ohio Apr. 13, 2015). Moreover, counsel may apply for fees under both the EAJA and § 406(b) but must refund to the claimant whichever of the two amounts is smaller. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

This Court is required to examine the "reasonableness" of the fee requested under § 406(b) even if the fee is not opposed by the SSA. *Id.* at 807. This is especially important since the SSA does not have a "direct financial stake" in the disbursement of any funds under § 406(b), but instead plays a trustee-like role in the process. *Id.* at 798, n.6. Any contingency fee agreement existing between the requesting attorney and the claimant that calls for the attorney to receive 25 percent of a claimant's past-due benefits award is "given the weight ordinarily accorded a rebuttable presumption." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990).

However, it remains this Court's role to review any such fee arrangement "as an independent check[ ] to assure that [it] yields reasonable results," *Gisbrecht*, 535 U.S. at 807, which can result in reduction of the award based on "improper conduct or ineffectiveness of counsel" or in situations where the attorney would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Other factors in considering the reasonableness of a fee agreement include the effective hourly rate, timeliness of the motion requesting attorney's fees, the SSA's

3

opposition or lack thereof, and the "brevity" or "relative simplicity" of the representation provided by counsel. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014).

### III. ANALYSIS

As threshold matter, there is some uncertainty about the timeliness of Ms. Simpson's request for fees. Under this Court's local rules, an application for fees made pursuant to 42 U.S.C § 406(b) must be filed "within thirty (30) days after plaintiff's federal court attorney has received all of the Notices of Award that are necessary to calculate the total amount of retroactive benefits payable." Local R. 54.01(b)(3)(B).

In her motion, Ms. Simpson does not explicitly state the date on which she received all the necessary notices of award. The letter from the SSA that Ms. Simpson attached to her declaration is dated June 28, 2021 (Docket No. 22-2) and Ms. Simpson did not provide the Court with a copy of any other letters that may have included information "necessary to calculate the total amount of retroactive benefits payable." Local R. 54.01(b)(3)(B). However, in the list of time she spent on this matter, there is an entry dated October 11, 2021 that includes the narrative, "Review Notice of Award." (Docket No. 22-1 at 2.) Assuming that Ms. Simpson received "all of the Notices of Award that are necessary to calculate the total amount of retroactive benefits payable" as late as October 11, 2021, Ms. Simpson's motion should have been filed by no later than November 10, 2021. The instant motion was not filed until December 1, 2021, or 21 days past the deadline imposed by Local Rule 54.01.

Yet such a delay is not necessarily fatal to Ms. Simpson's request for fees because the Court may still consider an untimely motion "upon a showing of good cause for the delay." Local R. 54.01(b)(3)(B). Ms. Simpson neither discusses the timeliness of the motion nor makes a showing of good cause for why it was filed beyond the deadline. Nevertheless, given Ms.

4

Simpson's relatively minor delay in seeking fees and the lack of any contest by either Mr. Thrasher (the claimant)[2] or the SSA, the Court .[3]

The issue before the Court then is whether Ms. Simpson's requested fee of $10,000 is reasonable under § 406(b)(1)(A). In determining reasonableness, the starting point is the contingency fee agreement between claimant and counsel. *See Gisbrecht*, 535 U.S. at 807. Here, Plaintiff executed a contingency agreement for 25 percent of his back-pay award. (Docket No. 22-3 at 1 ("I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won.").) According to Ms. Simpson, the total amount of Plaintiff's back-pay award was $97,068.00. (Docket No. 21 at 2.) Although Ms. Simpson did not provide the Court with correspondence from the SSA that explicitly set forth this amount, the SSA also referenced this amount in its response. (Docket No. 23 at 1.) Accordingly, the Court will accept that Plaintiff's back-pay award was $97,068.00. This would mean that Ms. Simpson was entitled to a maximum of $24,267.00 in fees.

Also, in determining reasonableness, the Court should consider the "floor" set by the Sixth Circuit: "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. Here, Ms. Simpson requests a fee of $10,000.00, which is less than 25 percent of Plaintiff's back-pay award. Ms. Simpson worked 20.9 hours and is therefore seeking an award at a rate of $478.47 per hour. This Court has previously taken judicial notice that the "standard rate for experienced Social Security attorneys in Middle Tennessee between 2016

---

[2] Ms. Simpson served the motion for fees and accompanying filings on Mr. Thrasher. Further, it appears that a percentage of Mr. Thrasher's benefits were withheld for payment of attorney fees, apparently without complaint by Mr. Thrasher since the fact that withheld benefits remain in the possession of the SSA was discovered "during a routine examination of records by agency personnel." (Docket No. 24 at 1.)

[3] The Court is also loath to penalize Ms. Simpson for what appears to be a 21-day delay in filing a motion for attorney fees given the substantial delay in the Court's resolution of the motion.

and 2018 . . . was no more than $225." *Kaye v. Saul*, No. 3:16-CV-002878, 2020 WL 3964205, at *3 (M.D. Tenn. July 10, 2020). However, Ms. Simpson actively represented Plaintiff from the end of 2018 to the end of 2021, so the Court finds that an hourly rate higher than the standard rate is appropriate. Further, the requested rate of $478.47 is lower than the twice the standard rate of $240 per hour and is, therefore, presumptively reasonable. *See Hayes*, 923 F.2d at 422.

In determining reasonableness, the Court must also consider if Ms. Simpson "engaged in improper conduct or was ineffective" or if she would "enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Id.* at 419. With respect to the first consideration, there is no suggestion that Ms. Simpson engaged in improper conduct or was ineffective. On the contrary, Ms. Simpson secured a favorable result for Plaintiff. With respect to the second consideration, the Court concludes that the requested fee would not result in an undeserved windfall to Ms. Simpson, as detailed below.

As a final matter, the Court must address the impact of Ms. Simpson's failure to file a separate motion for attorney's fees under the EAJA. It is undisputed that Ms. Simpson did not file any such motion and Plaintiff has, therefore, received no award under the EAJA. (Docket No. 21 at 1 ("The Plaintiff has received no fees pursuant to the [EAJA].").) In a recent opinion, Magistrate Judge Newbern explained how counsel's failure to move for an award under the EAJA may impact the Court's analysis of how much to award counsel under § 406(b):

> It is undisputed that Plaintiff's counsel did not timely file a motion for attorney's fees under EAJA . . . . This is important because "while fees awarded under 42 U.S.C. § 406(b) are deducted from a claimant's award of past due Social Security benefits, the United States must pay fees awarded under EAJA out of government funds." *Gisbrecht*, 535 U.S. at 795–796. In practice, this means Social Security claimants pay § 406(b) fees out of their benefits, whereas the government must pay EAJA fees independent of the benefits award. *Minor v Commissioner of Social Security*, 826 F.3d 878, 881 (6th Cir. 2016). Furthermore, an award under EAJA offsets any fee award under § 406(b), permitting the claimant to recover an additional portion of their past due benefits. Thus, an attorney's failure to apply for EAJA fees arguably results in a penalty to the claimant because the Plaintiff does not receive the benefit of having the lower award refunded to her. *Horton v. Commissioner of Social Security*, 2018 WL 4701588, at *1 (M.D. Tenn. October 1, 2018).

6

> As this Court has previously noted, "[t]o prevent plaintiffs from being penalized as a result of counsels' failure to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failure to apply for EAJA fees into account in determining a reasonable fee for their services." *Horton*, supra at *1, *citing Wolfe v. Colvin*, No. 14-11397, 2016 WL 7650793, at *2 (E.D. Mich. Dec. 30, 2016).

*Thompson v. O'Malley*, No. 2:19-CV-0004, 2024 WL 4509161, at *3 (M.D. Tenn. Oct. 15, 2024), *report and recommendation adopted*, No. 2:19-CV-00004, 2024 WL 4666294 (M.D. Tenn. Nov. 4, 2024). Ms. Simpson does not address this issue in her motion. However, in its response, the SSA asserts that Ms. Simpson reduced the amount of her requested fee award under § 406(b) – i.e., she did not seek the maximum 25 percent – so there should be no additional reduction to her award under § 406(b) because of her failure to file a separate motion for attorney's fees under the EAJA. (Docket No. 23 at 2 n.1.)

Taking the SSA's position into consideration, the Court finds that there is no need to further reduce Ms. Simpson's requested fee of $10,000.00. Had Ms. Simpson sought the entire 25 percent of Plaintiff's back-pay award of $97,068.00, the amount of the requested fees would be $24,267.00, rather than $10,000.00. Had Ms. Simpson sought the full 25 percent, the Court may have found it appropriate to reduce that award by an amount equal to the foregone EAJA fees. *See Horton*, 2018 WL 4701588 at *1. To determine the amount of foregone EAJA fees, the Court bases the hourly rate on "prevailing market rates," but should not award an excess of $125 per hour unless the cost of living or other factors justify a higher rate. *See* 29 U.S.C. § 2414(d)(2)(A).

In her declaration, Ms. Simpson states that her "regularly hourly rate ranges from $250.00 per hour to $300.00 per hour." (Docket No. 22 at ¶ 4.) For purposes of the instant matter, the Court finds that $275 per hour is a reasonable rate due to the cost of living. Accordingly, at 20.9 hours of work, Plaintiff would have been awarded $5,747.50 under the EAJA. *See* 29 U.S.C. § 2414(d)(2)(A). If the Court reduced the potential maximum award of $24,267.00 under § 406(b) by the potential award of $5,747.50 under the EAJA, Ms. Simpson would be awarded $18,519.50, which is more than the $10,000.00 she seeks now. Accordingly, the Court agrees with the SSA that Ms. Simpson's reduced request for awards under § 406(b) of $10,000.00 is reasonable because

it already effectively takes into account Ms. Simpson's failure to apply for EAJA fees. *See Horton*, 2018 WL 4701588 at *1.

## IV. RECOMMENDATION

For the above stated reasons, it is respectfully **RECOMMENDED** that:

1. Plaintiff's motion for attorney's fees (Docket No. 20) be **GRANTED**.

2. Plaintiff's counsel, Donna Simpson, be **AWARDED** $10,000.00 from Plaintiff's back-pay award.

3. The SSA be **ORDERED** to release $10,000.00 of the amount withheld from Plaintiff's past-due benefits to Plaintiff's counsel, Donna Simpson.

4. The SSA be **ORDERED** to release any remaining portion of the withheld funds from Plaintiff's past-due benefits award to Plaintiff.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge